Filed 8/19/14  P. v. Loera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075450 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00078) |
| v. | |
| VICENTE RAMON LOERA, | |
| Defendant and Appellant. | |

A jury found defendant Vicente Ramon Loera guilty of possessing a dirk or dagger or sharp instrument in prison.  The facts were these:  Defendant was an inmate at Folsom State Prison when Correctional Officer Carlos Sanchez noticed that defendant was "out of bounds" near another cell and "appeared to be moving items from a cell."  In defendant's sweatpants' pocket was an altered Bic pen.  The tube of the pen was being used as a holder and inside the pen was a metal rod that had been sharpened to a point.  Defendant testified that inmate "Rick" gave him the altered pen, and defendant was going

1

to use it like a screwdriver to fix a used television that had broken buttons. The altered pen would have been useful to fix the television because the pen had a flat surface, similar to a Phillips screwdriver.

On appeal, defendant contends: (1) he was denied his constitutional right to present a defense when the court excluded testimony critical to his defense; and (2) his trial counsel was ineffective. Disagreeing, we affirm.

DISCUSSION

I

*There Was No Error In The Court's Exclusion Of Testimony*

Defendant contends he was denied his constitutional right to present a defense when the court excluded testimony critical to his defense. The evidence the court excluded was defendant's testimony that Rick told him the altered pen worked to fix an appliance and would "facilitate what he needed do to with his television." The court excluded the evidence, ruling that "ultimately . . . it is largely moot because the defendant testified to that same information."

The court was within its discretion to exclude the evidence because, as the court noted, similar evidence had already been presented. Defendant had already testified that "Rick" gave him the altered pen, and defendant was going to use it like a screwdriver to fix a television. The altered pen would have been useful because it had a flat surface, similar to a Phillips screwdriver. A court acts within its discretion when it excludes evidence that is cumulative. (*People v. Brown* (2003) 31 Cal.4th 518, 576.)

As to defendant's claim that the court's exclusion of this evidence violated his right to present a defense, it did not. He got in the defense he wanted, which was that he intended to use the altered pen as a screwdriver and that it was designed to do so because it had a flat surface. As a general matter, application of the ordinary rules of evidence do not impermissibly infringe on a defendant's right to present a defense. (*People v. Edwards* (2013) 57 Cal.4th 658, 728.)

2

## II

### *Trial Counsel Was Not Ineffective*

Defendant claims his trial counsel was ineffective because during cross-examination of Correctional Officer Sanchez, counsel conducted a demonstration in which he poked his own hand (that was covered with a glove) with the altered pen, causing a hole in the glove. The prosecutor had the court mark the glove as evidence. In the People's closing argument, they noted that trial counsel had poked a hole in the glove with the altered pen and then argued the altered pen had to be a sharp instrument. During defendant's closing argument, defendant made a similar demonstration.

Defendant contends trial counsel's demonstrations were deficient performance because counsel had "in essence, given testimony against his client." No so because there was a tactical reason for what trial counsel did. Trial counsel noted as the last point in his own closing argument, "As you can see, I came through unscathed poking myself with [the altered pen]." As the jury was to be instructed, to find defendant guilty, it had to find that defendant "possessed a dirk or dagger or sharp instrument" and that he knew it was such. A dirk or dagger "is capable of ready use as a stabbing weapon that may inflict great bodily injury or death" and a sharp instrument is one "that is sharp and that can be used to inflict injury." Trial counsel reasonably could have believed that he demonstrated the object was not a dirk or dagger because it could not inflict great bodily injury or death and that the object was not sharp because it did not scratch his skin. Because counsel's decision was a reasonable, tactical one, his performance was not ineffective. (See *People v. Frierson* (1979) 25 Cal.3d 142, 158 [a reasonable tactical decision does not constitute ineffective assistance of counsel].)

DISPOSITION

The judgment is affirmed.

      ROBIE      , J.

We concur:

      BLEASE      , Acting P. J.

      MAURO      , J.